UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR ALEJANDRO MEDINA, *Plaintiff*, v. UNITED STATES, *Defendant*. | No. 19-cv-2487 (RDM) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, filed this action against the United States in the Superior Court for the District of Columbia, and the United States removed the action to this Court pursuant to 28 U.S.C. §§ 1442 and 1446.  Dkt. 1.  The complaint consists of two, barely legible sentences: "After contacting the US and its proper agencies numerous times to resolve issues related to MSW, I now have to be seen by mental doctors.  This problem continues to exist to this day without any kind of relief what-so-ever due to negligence in full part of the United States."  Dkt. 1-1 at 7.

On September 26, 2019, the United States moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that this complaint both fails to state a claim and is "patently insubstantial" and thus beyond the Court's subject matter jurisdiction and, in any event, is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i).  Dkt. 3 at 3, 7 (quoting *Best v. Kelley*, 39 F.3d 328, 330 (D.C. Cir. 1994)).  The Court issued a *Fox*/*Neal* Order on September 30, 2019, cautioning Plaintiff about the need to respond to the motion and explained that a failure to respond could result in the Court either considering the motion conceded or dismissing the case for failure to prosecution.  Dkt. 4.  When the Court did not receive a response from Plaintiff

within the time provided, the Court *sua sponte* granted an extension of time to respond until November 15, 2019.  Minute Order (Sept. 30, 2019).  Plaintiff has yet to respond to the motion or to either of the Court's orders and, indeed, has yet to file anything in this Court.

Plaintiff's disjointed allegations fail to state a claim upon which relief can be granted.  The complaint does not (1) indicate who or what MSW is, (2) describe what "issues" required resolution, (3) identify who or what agency failed to act, (4) explain what "problems" persist, or (5) elucidate what duty, if any, the United States owed to Plaintiff or how it breached that duty.  In short, the complaint it too cryptic to satisfy the dictates of Federal Rules of Civil Procedure 8 and 12(b)(6) and to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court will, accordingly, **GRANT** Defendant's motion, Dkt. 3, and will **DISMISS** the complaint without prejudice pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  July 23, 2020